**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GASPAR VILLICANA, | No. 19-35077 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-03198-MKD |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, Magistrate Judge, Presiding

Submitted March 11, 2021[**]
San Francisco, California

Before:  McKEOWN, IKUTA, and BRESS, Circuit Judges.

Gaspar Villicana appeals the district court's judgment affirming the

Commissioner of Social Security's denial of supplemental security income benefits.

"We review a district court's judgment upholding the denial of social security

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

benefits de novo" and "set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quotations omitted). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1. The Administrative Law Judge ("ALJ") gave specific, clear, and convincing reasons supported by substantial evidence for finding Villicana's symptom testimony not credible. *See Garrison v. Colvin*, 759 F.3d 995, 1010, 1014–15 (9th Cir. 2014). Substantial evidence in the record, including from Villicana's long-term primary care provider, supported the ALJ's determination that Villicana engaged in "manipulative," "drug-seeking" behavior in the course of seeking treatment. Because a claimant's "reputation for truthfulness" is relevant to "weighing [his] credibility," this finding formed an adequate basis for the ALJ to discount Villicana's testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002) (quotations omitted).

The ALJ also gave additional, specific reasons for rejecting Villicana's symptom testimony, including that objective medical evidence shows that Villicana's symptoms were not as disabling as he claimed, that Villicana's activities were not consistent with his allegations of severely limiting symptoms, and that Villicana's testimony was at times materially inconsistent. Substantial evidence supports these determinations as well. *See id.* at 959.

2

2. Substantial evidence supports the ALJ's determination to give "no weight" to the report of Jeff Blair, a licensed mental health counselor. We will assume that our decision in *Gomez v. Chater*, 74 F.3d 967 (9th Cir. 1996), remains good law following the repeal of former 20 C.F.R. § 416.913(a)(6). *See Molina v. Astrue*, 674 F.3d 1104, 1111 n.3 (9th Cir. 2012) (reserving this issue), *superseded by regulation on other grounds*. Even so, there is insufficient evidence to demonstrate that Blair was "work[ing] closely under the supervision of [an acceptable medical source] and . . . was acting as an agent of" that source, as *Gomez* requires. 74 F.3d at 971; *see also Molina*, 674 F.3d at 1111.

Because Blair's report did not reflect the opinion of an acceptable medical source, the ALJ needed only to provide a germane reason for rejecting it. *Molina*, 674 F.3d at 1111. The ALJ did so here, because an "ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Id.* (quotations omitted and alterations accepted). The ALJ also relatedly determined that Blair had not "describe[d] any connection between his suggestions of severe and extreme limitations and [Villicana's] treatment records." These explanations, which were based on Blair's report, permitted the ALJ to give that report no weight.

3. The ALJ did not err in giving little weight to the 2014 psychological evaluation completed by Tae-Im Moon, PhD, an examining psychologist.

Substantial evidence supported the ALJ's conclusion that Moon's report was inconsistent with Villicana's "activities, [his] normal psychiatric observations, and the observations of his treating providers." Record evidence (which the ALJ had discussed earlier and cross-referenced in her discussion of Moon's evaluation) supports that finding. Because those reasons were specific and legitimate and were sufficient to justify the ALJ's conclusion, any minor errors in analysis, such as the ALJ's reliance on Villicana wearing sunglasses during Moon's evaluation, were harmless and do not affect our result. *See Buck v. Berryhill*, 869 F.3d 1040, 1048–1050 (9th Cir. 2017).

4. The ALJ did not err in crediting reports from non-examining psychologists John F. Robinson, PhD, and Edward Beaty, PhD. "The opinions of . . . non-examining physicians may . . . serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957. The ALJ explained how Robinson and Beaty's conclusions were consistent with evidence in the record, for instance, that Villicana was able to engage in various social activities. The ALJ could therefore credit Robinson and Beaty's opinions over Moon's, particularly given the limitations with Moon's analysis described above. In addition, the ALJ also sufficiently explained why Dr. Cooper's report was entitled to "no weight," as it "d[id] not describe [Villicana's] functioning during the relevant period."

**AFFIRMED.**